938 So.2d 449 (2005)
Eddie Duval POWELL III
v.
STATE.
CR-03-1923.
Court of Criminal Appeals of Alabama.
June 24, 2005.
Rehearing Denied August 5, 2005.
Certiorari Quashed February 17, 2006.
*450 Leslie Susanne Smith, Montgomery, for appellant.
Troy King, atty. gen., and Anne C. Adams, asst. atty. gen., for appellee.
Alabama Supreme Court 1041730.
Prior report: 796 So.2d 404.
McMILLAN, Presiding Judge.
AFFIRMED BY UNPUBLISHED MEMORANDUM.
WISE, J., concurs.
SHAW, J., concurs in the result.
COBB, J., concurs in part and dissents in part, with opinion.
BASCHAB, J., recuses herself.
COBB, Judge, concurring in part and dissenting in part.
In an unpublished memorandum, the majority affirms the summary dismissal of the Rule 32, Ala. R.Crim. P., petition and subsequent amendments filed by Eddie Duval Powell III. I concur with the analysis in parts I, II.A., and III of the memorandum. I dissent from part II.B. of the memorandum to the extent it holds that Powell could not establish the prejudice prong of any claim of ineffective assistance of counsel, Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), if the underlying substantive issue had been rejected by this Court on direct appeal following review for plain error. As I have previously stated, "I do not believe that Alabama law or the broader principles of due process allow for the preclusion of a finding of prejudice with regard to an ineffective-assistance-of-counsel claim simply because this Court or the Alabama Supreme Court examined the underlying substantive issue and found no plain error." Taylor v. State, [Ms. CR-02-0706, Aug. 27, 2004] ___ So.2d ___, ___ (Ala.Crim.App.2004)(Cobb, J., concurring in part and dissenting in part). See Woods v. State, [Ms. CR-02-1959, Aug. 27, 2004] ___ So.2d ___ (Ala.Crim.App. 2004)(Cobb, J., dissenting); Harris v. State, [Ms. CR-01-1748, Oct. 29, 2004] ___ So.2d ___ (Ala.Crim.App.2004)(Cobb, J., concurring in part and dissenting in part). This important issue remains to be resolved by the Alabama Supreme Court, which has stated, "Nor do we address whether our determination of the absence of plain error forecloses a determination of the existence of the prejudice required under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for a claim of ineffective assistance of counsel. See Taylor v. State, [Ms. CR-02-0706, Aug. 27, 2004] ___ So.2d ___ (Ala. Crim.App.2004)." Ex parte Martin, 931 ___ So.2d 759, 769 (Ala.2004).
For the foregoing reasons, I dissent from part II.B. of the memorandum.